USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

# JAFFE & ASHER LLP
ATTORNEYS AT LAW

PLEASE REPLY TO NEW YORK OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
(212) 687-9639 (FAX)

ESTABLISHED 1974

MEMO ENDORSED

NEW JERSEY OFFICE

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6074 (FAX)

June 19, 2008

Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
United States Courthouse
300 Quarropas Street, Rm. 533
White Plains, New York 10601-4150

**MEMO ENDORSED**

Re: **Charles Barbera, Jr., individually, and as Administrator of the Estate of Lorraine Marie Barbera, v. Peerless Insurance Company**
**Civil Action No.    :    08-cv-05527 (KMK)**

Dear Judge Karas:

Our firm represents defendant PEERLESS INSURANCE COMPANY ("Peerless") in the above-entitled action. Per your individual practice rules, we submit this letter in application for a pre-motion conference in anticipation of moving to dismiss the complaint. As discussed herein, taking all of the allegations of the complaint as true, it must be dismissed because Peerless properly disclaimed coverage based upon late notice of the underlying accident. In addition, the alleged "bad faith" claim is not recognized as an independent action under New York law.

The following constitute the material allegations of the complaint: Peerless issued a policy of liability insurance, No. 33PM152245, with a policy period from January 16, 2006 to January 16, 2007, (the "Peerless Policy") covering a 1990 Chevrolet automobile to plaintiff CHARLES BARBARA ("Barbera"). On March 1, 2006, Barbera's son, Robert A. Barbera, was permissibly using the 1990 Chevrolet when he struck Lorraine Marie Barbera, causing her to sustain serious injuries resulting in her death. Robert A. Barbera is an insured under the terms of the Peerless Policy for this accident. On July 21, 2006, more than four (4) months, a total of 142 days, after the accident, Barbera first mailed a claim letter to Peerless regarding the March 1, 2006 accident. By letter dated August 8, 2006, Peerless denied coverage "for failure to provide timely notice of the occurrence, and refused to defend or indemnify plaintiff and

Hon. Kenneth M. Karas, U.S.D.J.
June 19, 2008
Page 2

Robert A. Barbera." The Peerless Policy specifically provides that Peerless "must be notified promptly of how, when and where the accident or loss happened." Eventually, Barbera brought a suit against his son, and a default judgment in the sum of $751,133.50 was entered against Robert A. Barbera.

      Barbara's alleged and admitted 142-day delay in providing Peerless notice of the accident is late as a matter of law. See, e.g., Great Canal Realty Corp. v. Seneca Ins. Co., Inc., 5 N.Y.3d 742, 800 N.Y.S.2d 521 (2005)(four months); 120 Whitehall Realty Associates, LLC v. Hermitage Ins. Co., 40 A.D.3d 719, 835 N.Y.S.2d 715 (2d Dep't 2007)(two and one-half months); Steinberg v. Hermitage Ins. Co., 26 A.D.3d, 809 N.Y.S.2d 569 (2d Dep't 2006)(57 days); Herold v. East Coast Scaffolding, Inc., 208 A.D.2d 592, 617 N.Y.S.2d 197 (2d Dep't 1994)(three and one-half months). Peerless need not show prejudice. See, e.g., Great Canal Realty Corp., 5 N.Y.3d at 743, 800 N.Y.S.2d at 522 ("carrier need not show prejudice before disclaiming based on the insured's failure to timely notify it of an occurrence"); American Home Assur. Co. v. International Ins. Co., 90 N.Y.2d 433, 661 N.Y.S.2d 584 (1997).

      In the case at bar, Barbera, who is both the policyholder and claimant, specifically alleges and admits that notice of the accident was not provided to Peerless until at least 142 days after the accident. This delay, as a matter of law, entitled Peerless to disclaim coverage based upon late notice of the accident. Peerless timely issued a written disclaimer on August 8, 2008. Taking all of Barbera's allegations as true, as one must on a motion to dismiss, the complaint fails to state a claim for relief and should be dismissed.

      The "bad faith" claims, Barbera's second claim for relief, should be dismissed for two additional reasons. First, pursuant to N.Y. Ins. Law § 3420(a)(2), enforcement of the Judgment against Peerless is limited to an amount "not exceeding the amount of the applicable limit of coverage" under the Peerless Policy. See Negron v. Eveready Ins. Co., 53 A.D.2d 815, 815-16, 385 N.Y.S.2d 87, 88 (1st Dep't 1976); Browdy v. State-Wide Ins. Co., 56 Misc.2d 610, 289 N.Y.S.2d 711 (1968)(motion to dismiss granted). Second, New York does not recognize an independent cause of action for "bad faith". See New York University v. Continental Ins. Co., 87 N.Y.2d 308, 290, 639 N.Y.S.2d 283, 320 (1995); Alexander v. Geico Ins. Co., 35 A.D.3d 989, 990, 826 N.Y.S.2d 777, 778 (3d Dep't 2006)(affirmed grant of motion to dismiss).

      Our proposed motion to dismiss will be based upon these two legal issues. In support of the motion, in addition to a memorandum of law, we will only submit a copy of the Verified Complaint and the Peerless Policy and Peerless' disclaimer letter, both of which are incorporated by reference in the Verified Complaint. Our position is simply

Hon. Kenneth M. Karas, U.S.D.J.
June 19, 2008
Page 3

that, assuming all allegations in the complaint to be true, it still must be dismissed because it fails to state a claim for relief as a matter of law.

Finally, we respectfully request that your Honor stay Peerless' time to respond to the complaint until the motion to dismiss is determined. Because your Honor's individual practice rules require a pre-motion conference, the extension of time to answer based upon filing a motion to dismiss set forth in Fed. R. Civ. P. (a)(4) does not appear to apply.

Respectfully submitted,

Marshall T. Potashner

MTP:mp
Cc:   Timothy W. Kramer, Esq. (via fax)

*The Court will hold a pre-motion conference on July 31, 2008, at 2:30*

SO ORDERED
KENNETH M. KARAS U.S.D.J.
6/27/08